———o———

No. 5701.

## VINCENT VITRANÓ vs. WESTERN INSURANCE COMPANY.

### Syllabus.

1. A plea of prematurity, which would be equally effective at any future time, amounts to a plea in bar, and belongs to the merits of the case; to maintain such a plea *in limine*, and without a full inquiry into all the circumstances would be to deny plaintiff's right without according him a hearing.

2. Where an Insurance Company, after a loss, has itself acknowledged and fixed its own liability at a definite sum, which it has offered to pay, an alleged breach of the terms of the policy subsequent to such admission of liability, may affect the right of the assured to recover more than the amount thus admitted, but cannot affect the liability of the Insurance Company for the amount already fixed and acknowledged.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 95,457, Hon. T. C. W. Ellis, Judge.

Edw. Rightor, for plaintiff and appellee.

J. C. Hollingsworth, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Defendant urges that this suit is premature, and stripped of refinements and inessential details the situation is just this:

Plaintiff suffered a fire loss and submitted proofs. Defendant demanded an appraisement and called upon plaintiff to produce before the appraisers what was left of the damaged furniture. Plaintiff declared it impossible to comply with this request, saying that the debris had been cast away shortly after the fire. Defendant still insisted, and refused to allow appraisement to proceed otherwise.

Thereupon plaintiff brought this suit, and defendant pleads that it is premature because the appraisement is still pending.

As a mere demurrer, or even as a plea in abatement, this plea cannot be allowed. Defendant will not permit the appraisement to proceed unless plaintiff produces the damaged remains of the furniture; on the other hand plaintiff refuses to produce these damaged remains, declaring it impossible to do so; and neither party has

shown the least disposition to recede from the stand thus taken.

It is, therefore, manifest that the appraisement can never terminate, and if the plea of prematurity is good at this time it will be equally effective for all future time, and thus operate forever as a complete bar to any recovery by plaintiff.

And, therefore, to maintain this exception of prematurity at the threshold of the suit, and purely upon the ground that the matter is still in the hands of the appraisers, without inquiry into all the circumstances, would be in effect to deny plaintiff's right without according him a hearing. And an inquiry of that nature is one which properly belongs to the merits of the case.

## On the Merits.

Plaintiff's furniture and clothing were insured in the defendant company; the insurance upon the building, which was also damaged by the fire, was carried by another company.

A few days after the fire, defendant's adjuster and a furniture expert visited the scene of the fire, saw all the remnants of the damaged furniture, etc., and fixed the loss at $700 for the furniture and $100 for the clothing, a total loss of $800, which defendant offered to pay, but plaintiff refused to accept. The demand for an appraisement of which we first spoke, then followed.

Meanwhile the company which had insured the building elected to rebuild. And preparatory to beginning the work, plaintiff's son removed such part of the damaged furniture as had any value, and the rest of the debris was removed by the contractor to a shed in the rear of the premises. The remnants removed by plaintiff's son appear to have had small value, but what sub-

sequently became of them does not appear from the record.

It was the remnants thus in part removed, and in part put aside, that the appraisers called for and plaintiff declared he was unable to produce; and the evidence shows that both appraisers and the umpire selected by them had all seen these remnants in position upon the premises, and untouched, a few days after the fire, although before their appointment.

It is this removal, casting aside, and refusal to produce (the circumstances being as above stated), that the defendant company sets up as a breach of several clauses of the policy; one requiring the assured to take good care of the remnants of damaged property; another requiring the assured to exhibit them as often as required to any person designated by the company; and still another giving the company, under certain circumstances, the right to take over the damaged articles at their appraised value.

We find it wholly unnecessary to pass upon the issues thus raised, interesting though they be; since it is perfectly immaterial to the decision of this case whether or not the removal of the furniture and refusal to produce it for the appraisers, did or did not constitute a violation of the aforementioned clauses of the policy.

For, to the extent of $800, defendant had itself already fixed and acknowledged its own liability, and offered to the assured to pay that amount, not by way of compromise or conditionally, but absolutely. And as long as defendant is not held liable for anything beyond that sum, fixed and acknowledged by itself, it has not the least interest in what plaintiff might do, or refuse to do, with the property which was his own.

It is only when plaintiff seeks to hold defendant liable beyond the amount which it has already acknowledged

that defendant can complain of an alleged breach of the contract subsequent to such admission of liability.

And it is our conclusion from the evidence herein that plaintiff has failed to establish, with any thing like the certainty required by law, that the amount of his loss exceeds the sum admitted by defendant.

The only testimony on that subject is his own, and he estimates his loss at $1,700, but does not mention a single item or give a single detail. Another witness, who had been appointed as his appraiser, testified that when he moved plaintiff's furniture some years before the fire, it was worth $1,600, but he did not know what furniture was in the house at the time of the fire or what its condition might have been. And it is certain that as an appraiser for plaintiff he must have modified and reduced his valuation very considerably, since the appraisers had actually agreed upon a valuation (though the amount is not stated) which must have been below $1,100; for the face of the policy was but $1,200, and the defendant's appraiser was willing to concede a loss of $100.00 on the clothing; and it was only this last item that the appraisers disagreed, plaintiff's appraisers insisting that it should be increased, a moot question if the furniture had been appraised as high as $1,100.

We find then that defendant has admitted a liability of $800 on which no subsequent act of plaintiff can have any bearing, and plaintiff has made proof of no greater loss.

The judgment appealed from was for the face of the policy, and accordingly it must be reduced.

It is therefore ordered that the judgment appealed from be amended by reducing the amount allowed plaintiff from twelve hundred dollars ($1,200) to eight hundred dollars ($800), and as thus amended it is affirmed

with interest and costs as allowed; plaintiff to pay the costs of this appeal.

. Amended and affirmed.

.Godchaux, J., I concur in the decree.

Opinion and decree, June 23rd, 1913.

. Rehearing refused, July 21st, 1913.

Writ denied October 3, 1913.